**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TEACH THE WORLD TO READ LLC d/b/a EBLI, <br><br> *Plaintiff*, <br><br> v. <br><br> ANDREA BISHOP, UPSTATE LITERACY, LLC, and SIMPLY LEARN LLC d/b/a SIMPLY SOAR READING, <br><br> *Defendants.* | Civil Action No.: <br><br><br> **Jury Trial Demanded** |

<u>**COMPLAINT**</u>

Plaintiff Teach The World To Read LLC d/b/a EBLI ("Plaintiff" or "EBLI"), by and through undersigned counsel, alleges as follows:

<u>**NATURE OF THE CASE**</u>

1.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and breach of contract under Michigan law.

2.      Plaintiff brings this action to stop Defendants' unauthorized use of protected EBLI expression, to remedy Defendants' false advertising concerning Ms. Bishop's claimed "over 10 years" of direct work with struggling readers through literacy tutoring centers, and to recover for Defendants' breaches of the binding trainee agreements Ms. Bishop accepted as a condition of access to EBLI training and materials.

<u>**THE PARTIES**</u>

3.      Plaintiff Teach The World To Read LLC is a Michigan limited liability company doing business as EBLI.

- 1 -

4.      Defendant Andrea Bishop is, on information and belief, an individual residing in South Carolina.

5.      Defendant Upstate Literacy, LLC is, on information and belief, a limited liability company through which Ms. Bishop operated Simply Soar Reading.

6.      Defendant Simply Learn LLC is, on information and belief, a South Carolina limited liability company doing business as Simply Soar Reading.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over Plaintiff's copyright infringement claim under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has subject matter jurisdiction over Plaintiff's Lanham Act claim under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has supplemental jurisdiction over Plaintiff's state-law breach of contract claim under 28 U.S.C. § 1367 because that claim forms part of the same case or controversy as the federal claims.

10.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and/or because Defendants are subject to personal jurisdiction here.

11.     Venue is also proper because Ms. Bishop accepted EBLI's trainee agreements, which EBLI's legal notice states are governed by Michigan law and provide for exclusive jurisdiction and venue in the agreed forum.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      EBLI and Its Protected Works**

12.     EBLI is an educational organization that provides literacy training, curriculum, and instructional resources to teachers, interventionists, tutors, parents, and schools.

13. EBLI was founded by Nora Chahbazi, who developed the instructional methods underlying the EBLI program while helping her daughter overcome reading difficulties. EBLI has since expanded those methods into a broader offering of teacher training, coaching, printable teaching materials, and student lessons for classroom instruction, intervention, homeschooling, and tutoring.

14. EBLI developed and owns proprietary methods for teaching reading, spelling, and writing skills to students, and provides proprietary training, course content, and related instructional materials through its online training platform.

15. EBLI provides access to its proprietary course content, including training materials, activity steps and scripts, word lists, videos, worksheets, sound stories, centers, password-protected resources, and instructional e-books, through its online platform.

16. EBLI owns all intellectual property rights in the EBLI method, the EBLI course, the website through which the course is delivered, and related content.

17. For example, EBLI owns three United States copyright registrations covering EBLI instructional works.

18. Those copyright registrations are:

    i. E.B.L.I. Evidence Based Literacy Instruction, Registration No. TX 8-149-064, created in 2003, first published on February 15, 2003, and registered on May 15, 2015,

    ii. E.B.L.I. Evidence-Based Literacy Instruction for Secondary Teachers, Registration No. TX 8-177-537, created in 2009, first published on June 15, 2009, and registered on May 15, 2015, and

    iii. EBLI E-Book, Registration No. TX 8-462-534, created in 2016, first published on November 14, 2016, and registered on January 11, 2017.

19. True and correct copies of these copyright registrations are attached hereto as **Exhibits A, B, and C**, respectively.

20. The registered claimant for those works is EBLI, and the registration records reflect transfer by written agreement for the earlier works.

**B.      Ms. Bishop's Access to EBLI Materials and Acceptance of the Trainee Agreements**

21. Ms. Bishop first engaged with EBLI in December 2021, and thereafter registered for multiple EBLI webinars over the following two years.

22. Ms. Bishop purchased the EBLI Spelling Mini Course in January 2023.

23. On January 11, 2023, Ms. Bishop created an EBLI LearnUpon account.

24. On April 27, 2023, Ms. Bishop click-accepted and executed EBLI's then-effective trainee agreement which is dated August 23, 2022 (the "2022 Agreement").

25. EBLI updated its trainee agreement effective February 23, 2024, and on February 28, 2024, Ms. Bishop again click-accepted and executed the updated agreement (the "2024 Agreement").

26. Ms. Bishop's last sign-in to the platform was June 17, 2024, and her subscription expired on August 1, 2024.

27. True and correct copies of the original agreement and the updated agreement are attached hereto as **Exhibits D and E**, respectively.

**C.      The Contractual Restrictions**

28. The trainee agreements restricted Ms. Bishop's use of EBLI materials and method and prohibited her from using the EBLI course except to become a certified teacher and to teach students directly only in permitted settings.

29. Under the 2022 Agreement, Ms. Bishop agreed that she would not train other educators on how to use EBLI and would not disclose, distribute, alter, copy, or reproduce instructional materials received during or related to the EBLI course.

30. Under the 2024 Agreement, Ms. Bishop agreed that she would not train or teach others to use or teach the method, would not train or teach others to become certified teachers, would not copy or disseminate the EBLI course, would not use the method or EBLI course for any purpose other than becoming a certified teacher, and would not post EBLI course materials or materials based on EBLI instructional activities or processes on social media or teacher marketplaces.

31. The agreements further provided that they were governed by Michigan law, with exclusive jurisdiction and venue in the state and federal courts having jurisdiction over Genesee County, Michigan, and that EBLI could seek injunctive relief and monetary damages in the event of breach.

**D.     Defendants' Competing Activities and EBLI's Notice**

32. Defendants have operated and marketed literacy-related products and services under the Simply Soar Reading name.

33. The website operated at www.simplysoarread.com advertised and sold a "Simply Soar Professional" license for $1,497, marketed to tutors, educators with six or more students, tutoring centers, microschools, and learning pods, and purported to grant use across unlimited instructors and unlimited students.

34. Defendants advertised "Implementation Training" with Ms. Bishop personally, described as working directly with Andrea to install the Simply Soar system into a tutoring business or microschool, including a system walkthrough, lesson implementation guidance, parent communication strategy, and team Q&A support.

35. Defendants advertised a bundled curriculum consisting of student workbooks, instructor guides, a video teaching library, lesson plans, activity scripts, assessments, and visual materials across multiple tiers.

36.     On June 12, 2026, EBLI sent Ms. Bishop a legal notice stating that her operation of Simply Soar Reading through Upstate Literacy, LLC was in direct breach of the binding agreements she had accepted with EBLI.

37.     In that notice, EBLI demanded that, within fourteen calendar days, Ms. Bishop cease offering, selling, or providing any product, license, or service that trained, taught, certified, or otherwise instructed other educators how to teach reading, spelling, or writing using materials or processes developed during or following her EBLI training, including the "Simply Soar Professional" license and any "Implementation Training" with her personally.

38.     EBLI further demanded that Ms. Bishop immediately cease the distribution, sale, public posting, or commercial use of any materials that constitute or are derived from EBLI instructional materials or EBLI instructional activities or processes.

39.     On June 17, 2026, counsel for Defendants' stated that Defendants did not accept EBLI's demands at that time.

**E.     Defendants' Infringing Conduct**

40.     By virtue of Ms. Bishop's enrollment in EBLI programming, creation and use of her EBLI LearnUpon account, and acceptance of the trainee agreements as a condition of access, Defendants had access to EBLI's protected course content and instructional materials.

41.     Defendants used text substantially similar to protectable text from EBLI's registered materials, including text concerning summarizing instruction, summary-sentence requirements, and related teaching directions.

42.     On information and belief, Defendants copied, reproduced, adapted, displayed, distributed, marketed, and/or publicly posted protected EBLI expression without authorization.

43. For example, Defendants used nearly identical definitions, reminders, and scripts to those set forth in EBLI's book:

| # | Element | Simply Soar | EBLI source | Match |
|---|---------|-------------|-------------|-------|
| 1 | Blending definition | "Blending: pushing sounds together to make words" | "Blending — pushing sounds together to make words" (2003 Binder) | Verbatim |
| 2 | "1, 2, 3, 4 letters spell one sound" — printed on the spelling worksheet | "Remember: 1, 2, 3, and 4 letters can spell one sound." (Flier workbook, Sound Box Say & Spell) | "1, 2, 3, or 4 letters can spell a sound" (2016 E-book; 2009 Secondary) | Verbatim |
| 3 | "Say as you write" (say each sound while writing) | "ALWAYS: 'Say as you spell'… say each sound as they write them" | "Say as you write…" recurring signature (2016 E-book; 2003 Binder) | Near-verbatim |
| 4 | Error-correction routine | "writes the correct spelling above the incorrect spelling… erase and correct" | "Write the correct spelling above the highlighted misspelling"; "erase and say/write it again" (2003 Binder) | Verbatim |
| 5 | Vocabulary "draw a picture to remember" | "draw a picture to help them remember and connect meaning" | "Draw a picture to help you remember the word" (2009 Secondary; 2016 E-book) | Near-verbatim |

### F. Defendants' False Advertising

44. Defendants also advertised, in commercial promotion, that: "[f]or over 10 years, I've worked directly with struggling readers through my literacy tutoring centers… Simply Soar Reading was built and refined through that real-world experience."

45. On information and belief, that statement is false or misleading because available information reflects that Upstate Literacy, LLC was incorporated on April 10, 2021, and the Simply Soar Reading Facebook page was created on December 8, 2025, which is inconsistent with Defendants' representation that Ms. Bishop had worked directly with struggling readers through her literacy tutoring centers for over 10 years and that Simply Soar Reading was built and refined through that claimed experience.

46. The challenged statement was used in commercial promotion in connection with Defendants' literacy products and services and was material because it was designed to enhance Defendants' perceived credibility, experience, and marketability to educators, schools, parents, and prospective purchasers or licensees.

47. As a direct and proximate result of Defendants' acts, Plaintiff has been and continues to be harmed, including through loss of control over its copyrighted works, damage to its goodwill, diversion of customers, and Defendants' unjust enrichment.

## CLAIMS FOR RELIEF

### COUNT I
### Copyright Infringement
### Pursuant to 17 U.S.C. § 501

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff is the owner of valid and subsisting United States copyright registrations for the following works: (a) E.B.L.I. Evidence Based Literacy Instruction, Registration No. TX 8-149-064, effective May 15, 2015; (b) E.B.L.I. Evidence-Based Literacy Instruction for Secondary Teachers, Registration No. TX 8-177-537, effective May 15, 2015; and (c) EBLI E-Book, Registration No. TX 8-462-534, effective January 11, 2017.

50. The registered claimant for each of those works is Teach the World to Read LLC, and the registration records reflect Teach the World to Read LLC's ownership of those copyrights.

51. The registered works contain original, protectable expression, including instructional text, teaching directions, lesson content, scripts, worksheets, and other written expression embodied in EBLI's literacy materials.

52. By way of example, as described in paragraph 43, Defendants have copied nearly identical text from EBLI's copyrighted materials.

53. Defendants had access to Plaintiff's copyrighted works through Ms. Bishop's direct enrollment in EBLI programming, her purchase of the EBLI Spelling Mini Course, her creation of an EBLI LearnUpon account on January 11, 2023, and her click-acceptance of EBLI's trainee agreements as a condition of obtaining and continuing access to EBLI materials and training.

54. EBLI's records further reflect that Ms. Bishop click-accepted and executed 2022 Agreement on April 27, 2023, from IP address 66.169.56.2, and click-accepted the updated trainee agreement on February 28, 2024, from the same IP address, as a condition of continued access.

55. On information and belief, after obtaining access to EBLI's materials, Defendants copied, reproduced, adapted, displayed, distributed, marketed, and/or publicly posted original constituent elements of Plaintiff's copyrighted works without authorization.

56. On information and belief, Defendants used text substantially similar to protectable expression contained in EBLI's registered works, including text concerning summarizing instruction, summary-sentence requirements, and related teaching directions.

57. On information and belief, Defendants also prepared and used derivative materials based on EBLI's protected instructional expression in connection with Defendants' competing literacy products, licenses, curriculum, and training offerings marketed under the Simply Soar Reading name.

58. Defendants' infringing acts have occurred in connection with commercial offerings that included curriculum, video resources, and training-related products and services.

59. Defendants' infringement has been willful. EBLI sent Ms. Bishop a legal notice on June 12, 2026, advising that her activities breached her agreements with EBLI, demanding that she cease offering products, licenses, and services that trained other educators using materials or

processes developed during or following her EBLI training, and demanding that she cease distributing or commercially using materials constituting or derived from EBLI instructional materials or processes.

60. Despite that notice, Defendants, through counsel, refused to accept EBLI's demands at that time and denied copyright infringement.

61. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of control over its copyrighted works, harm to the market for its authorized materials, and damage to the goodwill associated with its EBLI instructional content.

62. Plaintiff is therefore entitled to all remedies available under the Copyright Act, Pursuant to 17 U.S.C. § 501, including injunctive relief, impoundment and destruction of infringing materials, actual damages, Defendants' profits, costs, and attorneys' fees to the extent permitted by law.

**COUNT II**
**Breach of Contract**
**Under Michigan Law**

63. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.

64. Ms. Bishop entered into binding contracts with EBLI by click-accepting EBLI's then-effective trainee agreement on April 27, 2023, and the updated trainee agreement on February 28, 2024, as a condition of access to and continued access to EBLI's platform, course content, and materials.

65. Those agreements were supported by valid consideration, including EBLI's provision of access to its proprietary training, course content, platform resources, and instructional materials.

66.    EBLI performed its obligations under the agreements by providing Ms. Bishop access to EBLI programming, materials, and platform resources, including through her LearnUpon account and course access prior to expiration of her subscription on August 1, 2024.

67.    The trainee agreements imposed post-access restrictions on Ms. Bishop's use of EBLI's course and materials and prohibited her from using the EBLI course except to become a certified teacher and to teach students directly in permitted settings.

68.    Under those agreements, Ms. Bishop agreed that she would not train other educators on how to use EBLI, would not train or teach others to use or teach the method, would not train or teach others to become certified teachers, and would not copy, disseminate, post, disclose, distribute, alter, or reproduce instructional materials received during or related to the EBLI course.

69.    The agreements also prohibited the distribution, sale, public posting, or commercial use of materials that constitute or are derived from EBLI instructional materials or EBLI instructional activities or processes.

70.    The agreements are governed by Michigan law and provide for exclusive jurisdiction and venue in the state and federal courts having jurisdiction over Genesee County, Michigan.

71.    Defendants breached the agreements by offering, selling, and/or providing products, licenses, services, and implementation training that trained, taught, certified, or otherwise instructed other educators on how to teach reading, spelling, or writing using materials or processes developed during or following Ms. Bishop's EBLI training, including the "Simply Soar Professional" license and "Implementation Training" with Ms. Bishop personally.

72.     Defendants further breached the agreements by distributing, selling, publicly posting, and commercially using materials that constitute or are derived from EBLI instructional materials or EBLI instructional activities or processes.

73.     On June 12, 2026, EBLI provided Defendants formal notice of those breaches and demanded that Defendants cease the prohibited conduct within fourteen calendar days.

74.     On June 17, 2026, Defendants, through counsel, refused to accept EBLI's demands at that time and denied any breach.

75.     As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages, including lost business opportunities, loss of exclusivity, reputational harm, and enforcement costs.

76.     Plaintiff is entitled to recover damages and to obtain injunctive and other equitable relief.

## COUNT III
### False Advertising
### Pursuant to 15 U.S.C. § 1125(a)(1)(B)

77.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

78.     In commercial advertising and promotion, Defendants stated: "For over 10 years, I've worked directly with struggling readers through my literacy tutoring centers… Simply Soar Reading was built and refined through that real-world experience."

79.     That statement was false or, at minimum, misleading because it represented to consumers that Ms. Bishop had a decade-long track record of direct work with struggling readers through literacy tutoring centers and that Simply Soar Reading was developed and refined through that claimed experience.

- 12 -

80.     On information available to Plaintiff, the claim is contradicted by public records showing that Upstate Literacy, LLC was incorporated on April 10, 2021, and that the Simply Soar Reading Facebook page was created on December 8, 2025.

81.     The challenged statement was made in connection with Defendants' promotion and sale of literacy-related goods and services, including curriculum, licenses, and training offerings under the Simply Soar Reading name.

82.     The statement actually deceived or had the tendency to deceive a substantial segment of the intended audience, including educators, schools, parents, tutors, and prospective licensees, because claimed long-term hands-on experience and curriculum refinement would naturally bear on perceived expertise and credibility.

83.     The deception was material because Defendants used the statement to enhance the perceived credibility, experience, and marketability of Simply Soar Reading and thereby influence purchasing and licensing decisions.

84.     Defendants caused the false or misleading statement to enter interstate commerce through online advertising and promotion of their literacy products and services.

85.     Plaintiff has been and continues to be injured as a result of Defendants' false advertising, including through diversion of sales, unfair competition, and harm to Plaintiff's goodwill and market position.

86.     Plaintiff is entitled to injunctive relief, corrective advertising, disgorgement, damages, costs, and such other relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, and award:

A.      A declaration that Defendants have infringed Plaintiff's copyrights;

B.      A declaration that Defendants have engaged in false advertising in violation of the Lanham Act;

C.      A declaration that Defendants breached their contracts with Plaintiff;

D.      Preliminary and permanent injunctive relief prohibiting Defendants from copying, reproducing, distributing, displaying, marketing, licensing, selling, or otherwise using Plaintiff's copyrighted works or derivative works;

E.      Preliminary and permanent injunctive relief prohibiting Defendants from making the challenged false advertising statements or any substantially similar unsubstantiated claims;

F.      Preliminary and permanent injunctive relief enforcing the contractual restrictions accepted by Ms. Bishop;

G.      An order requiring Defendants to deliver up for destruction or deletion all infringing materials and derivative materials in their possession, custody, or control;

H.      An accounting and disgorgement of all profits attributable to Defendants' unlawful conduct;

I.      Actual damages according to proof;

J.      Statutory damages to the extent available under the Copyright Act;

K.      Plaintiff's costs and attorneys' fees to the fullest extent permitted by law;

L.      Pre- and post-judgment interest; and

M.      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

- 15 -

Dated: <u>August 12, 2026</u>

Respectfully Submitted,

<u>/s/ Armin Ghiam</u>
Gary Abelev
Armin Ghiam
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 309-1000
Fax: (212) 309-1100
GAbelev@Hunton.com
AGhiam@Hunton.com

*Attorneys for Plaintiff*
*Teach The World To Read LLC*